**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**HARRISONBURG DIVISION**

| | | |
|---|---|---|
| **ALFRED N. SINK, JR.,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No. 5:17-cv-00015** |
| | ) | |
| **EUDLOGI RODRIGUEZ, et al.,** | ) | **By: Elizabeth K. Dillon** |
| **Defendants.** | ) | **United States District Judge** |

## FINAL JURY INSTRUCTIONS

## JURY INSTRUCTION NO. 1

Members of the jury, now that you have heard the evidence, it is my duty to give you the instructions as to the law applicable to this case. The lawyers will then have the opportunity to present their closing arguments.

These instructions are roughly divided into three parts. First, I will talk with you about some general principles of the law. Second, I will discuss with you instructions that apply to the claims in this case and the defenses to those claims. Third, after you hear closing arguments, I will have some remarks about your deliberations in this matter. In these instructions, I may refer to the plaintiff as Mr. Sink, and the individual defendant as Mr. Rodriguez. I may also refer to the defendant Russell Transport, Inc. as Russell Transport. Let me begin with some general principles.

# JURY INSTRUCTION NO. 2

The instructions that I gave you at the beginning of the trial and during the trial remain in effect. You must, of course, continue to follow my earlier instructions as well as those that I give you now. You must not single out some instructions and ignore others, but must consider the instructions as a whole. I will send a copy of these instructions with you for your deliberations.

It is your duty as jurors to determine from the evidence what the facts are. You will then apply the law as I explain it to you to those facts. You must follow my instructions on the law even if you believe the law is different or should be different. Do not allow sympathy, bias, or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you. The parties, the public, and the court expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the court, and reach a just verdict regardless of the consequence.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case or what that opinion is. Likewise, the actions which I have taken during the trial in ruling on motions or objections, comments to the lawyers, or in questions to the witnesses, are not to be taken by you of any indication by me as to how you should decide the facts. Even if you

think I have an opinion as to the facts, you should entirely disregard it. It is not my

function to determine the facts. Instead, you are the sole judges of fact in the case.

# JURY INSTRUCTION NO. 3

Because this is a civil case and Mr. Sink is the party that brought the lawsuit, Mr. Sink has the burden of proving his claims by the greater weight of the evidence, also known as the preponderance of the evidence.

To prove something by the preponderance of the evidence is to prove that it is more likely true than not true. It is determined by considering all of the evidence and deciding which evidence is more believable. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a fact is more likely so than not so. The weight does not necessarily depend upon the number of witnesses who testify. The testimony of one witness whom you believe can be the greater weight of the evidence.

In determining whether any fact has been proven by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received into evidence, regardless of who may have produced them.

# JURY INSTRUCTION NO. 4

As I told you when the trial began, certain things are not evidence, and I want to list those things for you again.  The following statements and utterances made during this trial are not evidence and should not be considered by you:

1.    Statements, arguments, and questions by lawyers.  These are not evidence.

2.    Objections to questions are not evidence.

3.    Testimony and exhibits that the court has excluded or told you to disregard are not evidence.

The things I have just listed are not evidence.  The evidence in the case consists of the testimony of the witnesses, any and all exhibits which have been received into evidence, and all facts which have been either admitted or stipulated.

Also, some testimony and exhibits have been received only for a limited purpose.  Where I have told you that you can consider a piece of evidence for a limited purpose only, and not for any other purpose, you should consider that evidence only for the limited purpose.

## JURY INSTRUCTION NO. 5

Evidence may be direct or circumstantial.  Direct evidence is testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence.  That is, it is proof of one or more facts from which one can find another fact.  You are to consider both direct and circumstantial evidence.  The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

Any fact that may be proved by direct evidence may be proved by circumstantial evidence; that is, you may draw all reasonable and legitimate inferences and deductions from the evidence.

# JURY INSTRUCTION NO. 6

The evidence in the case before you has consisted in part of testimony from witnesses. You may believe all of what a witness said, or only part of it, or none of it. You are the sole judges of the credibility of the witnesses and the weight of the evidence.

You are not bound to decide any issue of fact in accordance with the testimony of witnesses which does not produce in your minds belief in the likelihood of truth. The test is not which side brings the greater number of witnesses, or presents the greater quantity of evidence; but which witnesses, and which evidence, you believe are the most accurate, and otherwise trustworthy. The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if, after considering all the other evidence, you believe that single witness.

In considering the evidence, you are not limited to the bald statements of the witnesses. In other words, you are not limited solely to what you see and hear as the witnesses testify. On the contrary, you are permitted to draw from the facts which you find to have been proven such reasonable inferences as may seem justified in the light of your own experience.

In determining the credibility of any given witness, you should carefully scrutinize all the testimony given, the circumstances under which each witness testified, and every matter in evidence which tends to show whether a witness is worthy of belief.  You may consider each witness' intelligence, motive, state of mind, demeanor, and manner while on the stand.  You may consider the witness' ability to observe the matters as to which he or she has testified and whether the witness impresses you as having an accurate recollection of these matters.  You may also consider his or her interest in the outcome of the case, and any bias or prejudice, and the extent to which, if any at all, each witness is either supported or contradicted by other evidence in the case.  In evaluating credibility, you may call upon your own experience and background in your every day affairs in determining the reliability or unreliability of statements made by others.

In considering the testimony of witnesses, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as the witness remembers it, because people naturally tend to forget some things or remember

other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important factor or with only an unimportant detail.

## JURY INSTRUCTION NO. 7

You have heard from a person described as an expert.  Under the law, a person who, by knowledge, skill, training, education, or experience, has become expert in some field may state his or her opinions on matters in that field and may also state the reasons for his or her opinion.

Expert testimony should be considered just like any other testimony.  You may accept or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, the acceptability of the methods used, and all other evidence in the case.

Merely because an expert witness has expressed an opinion does not mean that you must accept that opinion.  The same as with any other witness, it is up to you to decide whether to rely upon it.

## JURY INSTRUCTION NO. 8

In determining the credibility of any witness, you also may consider whether a witness has previously made statements that are inconsistent with his or her testimony here in court.  It is for you to decide whether a witness made a statement on an earlier occasion and whether it was, in fact, inconsistent with his or her testimony here in court.

If a witness at trial has been confronted with a prior statement which that witness made and that was unsworn—that is, not under oath—and that prior statement is inconsistent with his or her testimony here in court, then you may consider the prior statement when you assess the truthfulness of the testimony the witness gave in court.

If the witness made the prior inconsistent statement under oath and subject to cross examination or if it was made at a deposition, then you may also treat the prior statement as evidence in this case.  That is, you may treat what was said in that prior sworn testimony as true.

Again, in considering any prior inconsistent statement, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important factor or an unimportant detail.

## JURY INSTRUCTION NO. 9

During the trial, proof that a witness has been convicted of felonies was admitted. The only purpose for which that evidence was admitted was its effect on his credibility as a witness. You may consider that evidence, together with other pertinent evidence, in deciding how much weight to give that witness's testimony.

You may not consider felony convictions as proof of any other issue in this lawsuit.

## JURY INSTRUCTION NO. 10

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

You have heard the testimony of several individuals by deposition. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

## JURY INSTRUCTION NO. 11

Certain charts and summaries have been shown to you to illustrate information brought out in the trial.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

## JURY INSTRUCTION NO. 12

Your verdict must be based on the facts as you find them and on the law contained in all of these instructions.

The issues in this case are:

(1)    Was the defendant Mr. Rodriguez negligent?

(2)    If he was negligent, was his negligence a proximate cause of the accident?

(3)    If Mr. Sink is entitled to recover, what is the amount of his damages?

Your decision on these issues must be governed by the instructions that follow.

## JURY INSTRUCTION NO. 13

Your verdict shall be for Mr. Sink if Mr. Sink proved by the greater weight of the evidence that:

1.  Mr. Rodriguez was negligent; and that

2.  Mr. Rodriguez's negligence was a proximate cause of the accident and Mr. Sink's damages.

Your verdict shall be for the defendants if Mr. Sink failed to prove either or both of the two elements above.

## JURY INSTRUCTION NO. 14

Negligence is the failure to use ordinary care. Ordinary care is the care a reasonable person would have used under the circumstances of this case.

## JURY INSTRUCTION NO. 15

Mr. Sink has the burden of proving by the greater weight of the evidence that Mr. Rodriguez was negligent and that Mr. Rodriguez's negligence proximately caused the accident and any of the injuries to Mr. Sink.

## JURY INSTRUCTION NO. 16

The fact that there was an accident and that Mr. Sink was injured does not, of itself, entitle Mr. Sink to recover.

## JURY INSTRUCTION NO. 17

The driver of a vehicle has a duty to use ordinary care:

1.      to keep a proper lookout;

2.      to keep his vehicle under proper control; and

3.      to operate his vehicle at a reasonable speed under the existing conditions.

If a driver fails to perform any one or more of these duties, then he is negligent.

## JURY INSTRUCTION NO. 18

The duty to keep a proper lookout requires a driver to use ordinary care to look in all directions for vehicles that would affect his driving, to see what a reasonable person would have seen, and to react as a reasonable person would have acted to avoid a collision under the circumstances.

**JURY INSTRUCTION NO. 19**

The driver of a vehicle has a right to assume that the driver of another vehicle will operate it in a lawful manner until he realizes, or in the exercise of ordinary care should realize, that the other driver is not going to do so.

## JURY INSTRUCTION NO. 20

The driver of a vehicle has a duty to drive as nearly as practicable within a single lane and not to move from that lane until he has used ordinary care to see that the movement can be made with safety.

If a driver fails to perform this duty, then he is negligent.

## JURY INSTRUCTION NO. 21

The driver of a vehicle passing another vehicle proceeding in the same direction has a duty to pass at least two feet to the left of that vehicle and not to return again to the right side of the highway until he can do so safely.

If a driver fails to perform this duty, then he is negligent.

# JURY INSTRUCTION NO. 22

A proximate cause of an accident, injury, or damage is a cause which in natural and continuous sequence produces the accident, injury, or damage. It is a cause without which the accident, injury, or damage would not have occurred.

**JURY INSTRUCTION NO. 23**


In this case, the parties agree that Mr. Rodriguez was employed by

Russell Transport, Inc. and that he was acting within the scope of his

employment at the time of the alleged accident.  Thus, if you find in favor of

plaintiff, the verdict shall be against both Mr. Rodriguez and Russell Transport,

Inc.

# JURY INSTRUCTION NO. 24

If your verdict is for the plaintiff, Mr. Sink, then in determining the damages to which he is entitled, you shall consider any of the following which you believe by the greater weight of the evidence was caused by the negligence of Mr. Rodriguez:

    1. any bodily injuries he sustained and their effect on his health according to their degree and probable duration;

    2. any physical pain and mental anguish he suffered in the past and any he may reasonably be expected to suffer in the future;

    3. any inconvenience incurred in the past;

    4. any medical expenses incurred in the past; and

    5. any lost wages or lost income incurred in the past.

Your verdict shall be for such sum as will fully and fairly compensate Mr. Sink for the damages sustained as a result of Mr. Rodriguez's negligence.

**JURY INSTRUCTION NO. 25**

The burden is on Mr. Sink to prove by the greater weight of the evidence each item of damage he claims and to prove that each item was caused by Mr. Rodriguez's negligence. He is not required to prove the exact amount of his damages, but he must show sufficient facts and circumstances to permit you to make a reasonable estimate of each item. If the plaintiff fails to do so, then he cannot recover for that item.

**JURY INSTRUCTION NO. 26**

The presence or absence of insurance or benefits of any type, whether liability insurance, health insurance, or employment-related benefits for either the plaintiff or the defendants, is not to be considered by you in any way in deciding the issue of liability or, if you find your verdict for the plaintiff, in considering the issue of damages.

The existence or lack of insurance or benefits shall not enter into your discussions or deliberations in any way in deciding the issues in this case. You shall decide this case solely on the basis of the testimony and evidence presented in the courtroom, as well as the instructions given to you by the court.

## JURY INSTRUCTION NO. 27


The plaintiff Mr. Sink has a duty to minimize his damages. If you find that Mr. Sink did not act reasonably to minimize his damages and that, as a result, they increased, then he cannot recover the amount by which they increased.

## JURY INSTRUCTION NO. 28

If you find that Mr. Sink had a condition before the accident that was aggravated as a result of the accident or that the pre-existing condition made the injury the plaintiff received in the accident more severe or more difficult to treat, then if you find your verdict for Mr. Sink, he may recover for the aggravation and for the increased severity or difficulty of treatment, but he is not entitled to recover for the pre-existing condition.

## JURY INSTRUCTION NO. 29

If you render your verdict in favor of Mr. Sink, you may award interest on the principal sum awarded, or on any part of the principal sum awarded, and you may fix the date at which the interest shall commence (any date from the date of this accident—July 17, 2015—to the date of your verdict).

## JURY INSTRUCTION NO. 30

You should not consider the fact that I have instructed you about the measure of damages as suggesting any view of mine as to which party should receive your verdict. Instructions about damages are given for your guidance, in the event you should find in favor of Mr. Sink.

You are instructed that the question of damages is entirely separate and different from the question of liability. You should not consider the question of whether or not Mr. Sink has been damaged until you have first considered and decided the question of whether or not the defendants are liable.

## JURY INSTRUCTION NO. 31

In a few moments, I will finish these instructions and then the attorneys will have the opportunity to present their closing arguments. Then, it will be time for you to retire to the jury room to begin your deliberations. I will instruct you after closing arguments as to how you should conduct those deliberations.

For now, I want each of you to see a copy of the verdict form that you will be asked to complete together. As you see, the verdict form contains three questions. In the first question, you will state that your verdict is either for the plaintiff, Mr. Sink, or for the defendants. If your verdict is for the defendants, you do not answer questions 2 or 3. You will just have your foreperson sign and date the form and let the court security officer know that you have reached a verdict. If your verdict is for the plaintiff, then you will also need to answer questions 2 and 3. Question 2 asks you for a dollar amount of plaintiff's damages. Question 3 asks whether you want to award interest. The first level of the question has two check boxes and you should only check one. If you check the box that says you are awarding interest, then you must also specify the date that the interest is to begin. Also, if you check the box that says you are awarding interest, you must also check one of the remaining two boxes to show either that you award interest on the entire amount of damages awarded, or that you award it only on a part of the damages.

I would ask you now to hand in your verdict forms and you will get a single official copy at the conclusion of all of the case.

I have given you your instructions as to the law, and we are now ready for the closing arguments. I would ask each of you to give your attention to the attorneys as they give their closing arguments. After the closing arguments, we will give you one official verdict form before you begin your deliberations.

As I have instructed you, this is a civil action and the burden is on the plaintiff in a civil action to prove the case by a preponderance of the evidence, by the greater weight of the evidence.

Since the burden of proof is on the plaintiff, under our legal system, the plaintiff will have the right to open and close the arguments. So, you will first listen to counsel for Mr. Sink, then you will listen to counsel for defendants, and then since the burden of proof is on Mr. Sink, Mr. Sink's attorney will have the right to present the final closing argument.

As I told you at the very beginning of this trial and again in instructing you on the law, neither the opening statements nor the closing arguments are evidence in the case, and must not be considered by you as such. The closing arguments will be made now to assist you in evaluating the evidence and applying the law.

## JURY INSTRUCTION NO. 32

You have now heard closing arguments and you will soon return to the jury room to deliberate. There are certain rules you must follow in conducting your deliberations and in returning your verdict.

First, when you go to the jury room, you will select one person to act as your foreperson. The foreperson will preside over your discussions and will be your spokesperson here in court.

Second, it is your duty as jurors to discuss this case with one another in the jury room. You should try to reach agreement without sacrificing your individual judgment, because a verdict must be unanimous. Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the court security officer, signed by one or more jurors. I will always first disclose to the attorneys your question and my response before I answer your question. I will respond as soon as possible either in writing or by having you return to the courtroom so that I can address you personally. You

should not tell anyone–including me or the court security officer–how your vote stands numerically, and any notes should not indicate how your vote stands numerically.

Fourth, during your deliberations, you must not communicate with anyone else outside of the jury about the case. You must not use any electronic device, including cell phones, the Internet, a blog, website, other method to communicate about the case or conduct any research.

Fifth, your verdict must be based solely on the evidence and on the law which I have given you in my instructions. The verdict must be unanimous, you must all agree. Nothing I have said or done is intended to suggest what your verdict should be – that is entirely for you to decide. If you wish to have any or all of the exhibits sent to you in the jury room, you should advise the court security officer.

Finally, a verdict form has been prepared for your responses, as you will see. A verdict form is simply a written notice of a decision that you reach in this case. You will take this form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise the court security officer that you are ready to return to the courtroom. I tell you that in answering the questions on the verdict form, it is necessary that each of you agree as to the response. Your verdict as to each question must be unanimous.

If one of you needs to step out of the jury room for any reason, the deliberations must cease. Deliberations must take place while all jurors are present.

Do not reveal your verdict until such time as you are discharged, unless otherwise directed by me.

Once again, when you enter your jury room, your first responsibility will be to elect a foreperson. You will then begin your deliberations. Once you begin your deliberations, you should not have contact with any person other than the court security officer.

If you recess during your deliberations, follow all of the instructions that the court has given you about your conduct during the trial.

I will ask the court security officer now to deliver the official verdict form to the jury please. I will also provide you with a copy of the instructions I read to you earlier. If you would like to see any of the exhibits, you may request them by asking the court security officer.

I am going to ask you to step outside of the courtroom for just a brief moment, but do not go yet all the way back into the jury room, so I can confer with counsel before we send you to deliberate.